```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARIA GUERRERA TOOKER,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     14-CV-5309(JS)(ARL)

JUDGE PATRICK LEIS, II[I], Both
Individually and in his Official
Capacity,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Maria Guerrera Tooker, pro se
                    1040 Flanders Road
                    Flanders, NY 11901

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On September 10, 2014, pro se plaintiff Maria Guerrera Tooker ("Plaintiff" or "Tooker") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA") against New York State Supreme Court Justice Patrick Leis, II[I] ("Judge Leis" or "Defendant"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte

DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

BACKGROUND[1]

Plaintiff's Complaint seeks to recover monetary damages against Judge Leis, sued in his official and individual capacity, as well as to compel a criminal prosecution against him for "fra[u]d upon the court." (Compl. at 2, ¶ 8.) According to Plaintiff, Judge Leis is presiding over an on-going civil trial brought against Plaintiff by her father in New York State Supreme Court, Suffolk County, under index number 24429/2010. (Compl. ¶¶ 10, 13.) Though hardly a model of clarity, the Court understands that the gravamen of Plaintiff's Complaint here is her dissatisfaction with the manner in which Judge Leis is presiding over the underlying state court trial, including his rulings therein. The Complaint is largely conclusory and often lacking in factual support for Plaintiff's broad accusations. For example, Plaintiff alleges that Judge Leis's "behavior has been a hurculean [sic] of violations of my rights" and that "his court is nothing more that a theatrical play." (Compl. ¶ 13.) Plaintiff alleges that Judge Leis has "committed a FRAD [sic] ON THE COURT" and has ignore[d] my evidence and preclude[d] it from the record. (Compl. ¶¶ 8, 10.) Plaintiff further claims that Judge Leis "tampered"

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

2

with witnesses "stepped off the bench on many occasions and acted as counsel [for the witnesses against Plaintiff.]" (Compl. ¶¶ 17-18, 46.)

With regard to her ADA claim, Plaintiff alleges that she "suffers from PTSD steming [sic] from being a victim of violations of the HOBBS ACT." (Compl. ¶ 13.) Plaintiff also claims to have a "nurological [sic] disorder that causes poor circulation in my legs" and suffers from an unspecified "medical condition in my foot which causes me pain if I stand for a long period of time." (Compl. ¶ 21.) Plaintiff alleges that her neurological condition causes her "to have to shake [her] leg." (Compl. at ¶ 30.) According to Plaintiff, she requested permission from Judge Leis to sit during her questioning of witnesses due to her physical restrictions and that her request was denied for the first three days of trial. (Compl. ¶¶ 28, 30, 35.) Plaintiff further claims that Judge Leis ridiculed her and "communicated his belief that I was perpetrating a hoax on the court" in that Judge Leis threatened to hold Plaintiff in contempt of court if she made "leg movements" or did any more "twirling" or "dancing" during trial. (Compl. ¶¶ 32, 35, 40-41.)

As a result of the foregoing, Plaintiff claims that Judge Leis has violated her First Amendment rights as well as her rights under the Americans with Disabilities Act of 1990 for which she seeks to recover an unspecified sum of compensatory and punitive

damages for the "pain and suffering, humiliation, mental anguish, emotional distress, and loss of enjoyment of life sustained by [P]laintiff" together with costs, interest and attorneys fees.[2] (Compl. at 20-22.)  Plaintiff also demands that a prosecution against Judge Leis be commenced due to his "fraud upon the court." (Compl. at 20.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).  The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se

---

[2] As Plaintiff is proceeding pro se, there is no basis for her to seek to recover an award of attorneys' fees.

4

plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Immunity

    A. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ." State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (quoting W. Mohegan Tribe & Nation v. Orange County, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Eleventh Amendment immunity also extends to suits for money damages against state officials in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citation omitted).[3]

Here, Plaintiff seeks exclusively money damages against the Defendant, a state official sued in his official capacity.

---

[3] A narrow exception to this rule exists for official-capacity suits against state officers seeking prospective injunctive relief. See Will, 491 U.S. at 71, n. 10. Given that Plaintiff does not seek any prospective injunctive relief against Judge Leis, the exception has no application here. Insofar as Plaintiff seeks to compel the prosecution of Judge Leis "for fraud upon the Court," such relief is unavailable. See Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also McCrary v. Cnty. of Nassau, 493 F. Supp. 2d 581, 591 (E.D.N.Y. 2007) ("[A] private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual.") (citations omitted).

6

Thus, Plaintiff's claims are clearly barred by the Eleventh Amendment. Accordingly, such claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. 1915(e)(2)(B)(ii)-(iii).

B. Judicial Immunity

"It is wellsettled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). The Supreme Court instructs that this immunity is "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (citation omitted). The 1996 Congressional amendments to § 1983 also bar injunctive relief and provide that "'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam) (quoting Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996)). Therefore, a judge is immune from all forms of suit unless he or she has acted beyond his or her judicial capacity, or "'in the complete absence of all jurisdiction.'" Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (quoting Mireles, 502 U.S. at 11).

Here, Plaintiff complains that Judge Leis was biased

7

against her and challenges various rulings made by Judge Leis during the underlying state court proceeding. As is readily apparent, the challenged rulings were made within Judge Leis's judicial capacity and Plaintiff has not alleged any facts in support of her conjecture that Judge Leis "lost jurisdiction" over the underlying case or otherwise acted beyond his judicial capacity. (Compl. ¶ 3.) As such, Judge Leis is entitled to absolute judicial immunity. Since absolute "judicial immunity is not overcome by allegations of bad faith or malice," Mireles, 502 U.S. at 11, Plaintiff's claims against Judge Leis are DISMISSED WITH PREJUDICE.

C. <u>Individual Capacity Claims Against Judge Leis</u>

Plaintiff states in the caption and introduction to her Complaint that Judge Leis is being sued "[i]ndividually and in his [o]fficial [c]apacity as a Judge of the Tenth Judicial Department." (Compl. at 1-2.) However, the Complaint is bereft of any facts from which the Court can reasonably construe conduct undertaken in the Defendant's individual capacity. Indeed, the challenged conduct--his presiding over and making rulings during the underlying state court trial--fall squarely within Defendant's official duties. Accordingly, Plaintiff's claims against Judge Leis in his individual capacity are DISMISSED pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  26 , 2014
　　　　Central Islip, New York